IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL MUEHL,

                Plaintiff,                                    ORDER

      v.                                                         09-cv-16-bbc

BELINDA SCHRUBBE, Health Service Manager;
MARY SLINGER, Registered Nurse;
FRAN JENNINGS, Registered Nurse;
GAIL WALTZ, Registered Nurse;
CHARLENE REITZ, Registered Nurse; and

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL MUEHL,

                Plaintiff,

     v.                                                          09-cv-82-bbc

BRUCE DUMONTIER,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In these two cases, plaintiff is proceeding on claims that he was provided inadequate medical care under the Eighth Amendment. In case no. 09-cv-16-bbc, plaintiff contends that

1

defendants Schrubbe, Slinger, Reitz and Jennings failed to provide him with appropriate care for a MRSA infection and that defendants Reitz, Waltz and Schrubbe failed to provide him with appropriate care for his wounds after he cut himself. In case no. 09-cv-82-bbc, plaintiff contends that defendant Bruce DuMontier deliberately delayed dental care for him. On May 21, 2009, I denied plaintiff's second motion for appointment of counsel in these cases.

Now, plaintiff has filed a document in both cases entitled, "Motion in Request to Appeal Judges Final Order for Plaintiffs Request for Appointment of Counsel." I understand plaintiff to be asking me to certify that he can take an interlocutory appeal under 28 U.S.C. §1292(b) from the May 21, 2009 order.

28 U.S.C. § 1292 states in relevant part,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

There is not a substantial ground for a difference of opinion on the question of whether plaintiff is entitled to appointment of counsel in these cases. Moreover, an immediate appeal will not materially advance the ultimate termination of this litigation. It would serve only to delay the litigation. Therefore, I will deny plaintiff's requests to certify that he can take an interlocutory appeal from the May 21, 2009 order denying his motions for

2

appointment of counsel.

If plaintiff wishes to appeal the May 21, 2009 order, even though I have not granted his request, he must file a notice of appeal in each case. If he chooses to file notices of appeal, he is advised that he will have to pay the $455.00 filing fee for each appeal.

ORDER

IT IS ORDERED that plaintiff's requests to certify that an interlocutory appeal may be taken from the May 21, 2009 order, in case no. 09-cv-16-bbc (dkt. #39) and case no. 09-cv-82-bbc (dkt. #37), are DENIED.

Entered this 25th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3