IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL MUEHL,

                Plaintiff,                OPINION and ORDER

     v.                                         09-cv-16-bbc

BELINDA SCHRUBBE, Health Service Manager;
MARY SLINGER, Registered Nurse;
FRAN JENNINGS, Registered Nurse;
GAIL WALTZ, Registered Nurse; and
CHARLENE REITZ, Registered Nurse;

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this prisoner civil rights case brought under 42 U.S.C. § 1983, plaintiff Michael Muehl is proceeding on the following claims under the Eighth Amendment right to receive adequate medical care:

      (a) defendant Belinda Schrubbe refused to provide plaintiff towels or other means of cleaning the sores from a MRSA infection (the parties now agree that plaintiff did not have a MRSA infection; rather, he had a different type of bacterial infection called Enterobacter Aerogenes);

      (b) defendants Mary Slinger and Fran Jennings refused to allow plaintiff to take daily

1

showers, which allowed his infection to spread;

 (c) defendants Schrubbe and Jennings failed to provide plaintiff needed antibiotics for his infection;

 (d) in November 2007, defendant Charlene Reitz did nothing when plaintiff complained that his sores were not healing;

 (e) in December 2007, after plaintiff cut himself, defendants Reitz and Gail Waltz refused to provide him any treatment when his wounds reopened and began bleeding again; and

 (f) in December 2008, defendant Schrubbe failed to respond appropriately when plaintiff complained to her about the lack of dressing for his arm wound and the stitching in his ankle wound.

Defendants' motion for summary judgment on all of these claims is now before the court. Dkt. #55. Plaintiff's brief in opposition to defendants' motion addresses claim (b) with respect to Slinger and Jennings and claim (e) with respect to defendant Waltz. Because plaintiff does not respond to defendants' arguments with respect to the other claims, I conclude that he agrees with defendants' view that they are entitled to summary judgment on those claims. Cincinnati Insurance Co. v. E. Atlantic Insurance Co., 260 F.3d 742, 747 (7th Cir. 2001) (failure to oppose argument permits inference of acquiescence and "acquiescence operates as a waiver").

2

The question for the two remaining claims is whether a reasonable jury could find that the defendants knew that plaintiff had a serious medical need, but consciously disregarded that need by failing to take reasonable measures to treat it. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). With respect to his claim that defendants Slinger and Jennings deprived him of daily showers, plaintiff says that he was issued a shower pass for Monday, Wednesday and Friday instead of every day. One problem with this claim is that plaintiff has failed to adduce any evidence that Slinger and Jennings are responsible for any failure to provide him showers every day. A document he cites shows that defendant Slinger signed a directive stating that plaintiff "must be permitted to shower daily." Dkt. #70-4. He points to no evidence showing that it was Slinger's or Jennings's responsibility to insure that the directive was enforced or that they were even aware of how many showers he was able to take. Under § 1983, prison officials may not be held liable unless they *caused* the constitutional violation. Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009).

Further, plaintiff fails to adduce admissible evidence showing that he was harmed by his inability to take more frequent showers. Williams v. Liefer, 491 F.3d 710, 715 (7th Cir. 2007). It is undisputed that plaintiff had access to soap in between showers, even if plaintiff did not like the soap because he believed it was too "rough" on his skin. Although he avers in his affidavit that he believes his infection would have healed faster with more showers, he is not qualified to make that assessment. Pearson v. Ramos, 237 F.3d 881, 886 (7th Cir.

3

2001). Accordingly, I will enter summary judgment in favor of defendants Slinger and Jennings on this claim.

With respect to his claim against defendant Waltz, plaintiff alleges that, on December 12, 2007, he cut himself with a screw that he had "ground down . . . to fashion a sharp edge." A prison doctor measured the wound as "7cm x 3cm deep." (The doctor described the cut as "superficial," but that is a surprising characterization of a cut on the wrist that is 3cm (1.2 inches) deep. Defendants do not suggest that "3 cm" is a typographical error.) The doctor cleaned the wound, applied lidocaine and closed the wound with Dermabond. Later that evening, the wound broke open and began bleeding again while plaintiff was struggling against wrist restraints. The gauze around plaintiff's wrist was "soaked in blood." The following morning defendant Waltz, a nurse, came to plaintiff's cell. Plaintiff complained that his wound was open. She observed the wound and told him she would get him a new dressing to clean and cover it. Waltz did not return to plaintiff's cell. Despite two more written requests, plaintiff did not receive a new dressing until December 17, when another nurse came to his cell, noted an open wound, cleaned it and applied Steri-strips.

Defendants' only argument with respect to this claim is that the evidence fails to show that defendant Waltz had the requisite mental state for this claim: "Even if [Waltz] believed at the time that the wound would benefit from a bandage but failed to return to provide it, she cannot be held liable for deliberate indifference. At most, what [plaintiff] has established

4

is a potential claim for negligence." Dfts.' Br., at 6, dkt. #11. If Waltz wishes to testify at trial that she failed to return to plaintiff's cell because she forgot that he needed help, she may do so, but the undisputed evidence in the record at this time does not support a grant of summary judgment in her favor. In resolving defendants' motion I must draw all reasonable inferences in favor of plaintiff, not defendants. Hemsworth v. Quotesmith.Com, Inc., 476 F.3d 487, 489 (7th Cir. 2007). Plaintiff's position is that defendant Waltz saw a wound that she knew needed treatment and failed to take any action to help him. That is sufficient on summary judgment to show that Waltz disregarded his wound. E.g., Greeno v. Daley, 414 F.3d 645, 654 (7th Cir. 2005) (concluding that it was for jury to decide whether defendant acted with deliberate indifference when she failed to respond to plaintiff's medical complaints).

At trial, it will be plaintiff's burden to prove not only that defendant Waltz consciously disregarded his wound, but also that the wound presented a serious medical need at the time Waltz examined him. Serious medical needs are not limited to life threatening conditions, but may include any problem that is so obvious that even a lay person would recognize the necessity for medical attention. Johnson v. Snyder, 444 F.3d 579, 584 -85 (7th Cir. 2006). Although a wound could qualify as a serious medical need, not every injury suffered by a prisoner implicates the Eighth Amendment. The line is often a fine one. Compare Aldridge v. Montgomery, 753 F.2d 970, 972-73 (11th Cir. 1985)

5

(one-and-a-half-inch cut over detainee's eye bleeding for two and a half hours was serious medical need), with Davis v. Jones, 936 F.2d 971, 972-73 (7th Cir. 1991) (one-inch laceration on temple not serious medical need). Because defendants do not raise this issue in their motion for summary judgment, I need not determine on which side of the line plaintiff's wound falls. However, at trial, plaintiff should be prepared to present evidence on this issue. In particular, plaintiff should be prepared to submit evidence regarding the health consequences he suffered as a result of any failure by defendant Waltz to treat him.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Belinda Schrubbe, Mary Slinger. Fran Jennings, Gail Waltz and Charlene Reitz, dkt. #55, is DENIED with respect to plaintiff Michael Muehl's claim that defendant Waltz violated his Eighth Amendment rights by failing to treat his wrist wound on the morning of December 13, 2007. Defendants' motion is GRANTED in all other respects.

Entered this 15th day of January, 2010.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge