IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL MUEHL,

                Plaintiff,                                           ORDER

       v.                                                             09-cv-16-bbc

GAIL WALTZ,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This prisoner civil rights case is scheduled for trial on March 29, 2010. The question for trial is whether defendant Gail Waltz, a nurse at plaintiff's prison, violated plaintiff's rights under the Eighth Amendment by failing to treat wounds on his wrists in December 2007. Before the court are plaintiff's request for subpoenas and his petition for a writ of habeas corpus ad testificandum. Dkt. ##93 and 96.

      Plaintiff's request for subpoenas will be denied at this time. He wishes to subpoena two unincarcerated witnesses, defendant herself and Gary Ankarlo, the prison psychiatrist. One problem with plaintiff's request is that it seems he does not have the necessary funds for the witness fees. Although plaintiff represents that he has more than $100 in his "prison trust account," the statement he attaches to his motion shows that the funds are in his

1

release account.  His regular trust fund account shows a balance of zero.  Dkt. #94-3.

The use of release account funds is governed by state law. Wis. Admin. Code § DOC 309.466.  According to § 309.466(2), "[r]elease account funds may not be disbursed for any reason until the inmate is released to field supervision, except to purchase adequate clothing for release and for out-of-state release transportation."  Although it is true that in rare instances, the supremacy clause of the United States Constitution requires state law to give way to a competing federal law, there is no federal law that would require state officials to give prisoners money from their release account so that they can pay the costs of subpoenaing witnesses to trial. Therefore, this court has no authority to direct prison officials to allow plaintiff access to his release account funds at this time.  Further, because the fees are for the witness rather than the court, the court has no authority to waive the fees.  McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir. 1987).

In any event, it is not clear whether a subpoena for either potential witness is necessary.  With respect to defendant Ankarlo, the only reason plaintiff identifies for requesting the subpoena is so that Ankarlo can authenticate a document.  However, as I informed plaintiff in the pretrial order dated February 2, 2010, dkt. #90, the parties are strongly encouraged to stipulate to the authenticity of documents to avoid potential problems like this one.  Plaintiff does not say whether he has asked counsel for defendant to stipulate to the authenticity of this document.  Because the document seems to have been

2

prepared by an employee of the Department of Corrections, it seems unlikely that defendant would object to the document on authenticity grounds.

With respect to defendant herself, plaintiff says that he wrote counsel to ask whether defendant planned to attend the trial without a subpoena, but counsel has not responded. Although defendant is not required to attend the trial without a subpoena, it would be unusual if she did not attend. Counsel for defendant is requested to inform plaintiff and the court by March 5, 2010, whether defendant is attending the trial and whether she will stipulate to the authenticity of Ankarlo's evaluation.

I will grant plaintiff's petition for a writ of habeas corpus ad testificandum for incarcerated witness Kurtis Jones. Plaintiff represents in his declaration that Jones has personal knowledge of the seriousness of plaintiff's wounds during the relevant time period because he was housed in a nearby cell.

ORDER

IT IS ORDERED that

1. Plaintiff Michael Muehl's motion for the issuance of subpoenas, dkt. #93, is DENIED.

2. Plaintiff's petition for a writ of habeas corpus ad testificandum for incarcerated witness Kurtis Jones at the Waupun Correctional Institution, dkt. #96, is GRANTED. The

3

clerk of court is directed to issue a writ of habeas corpus ad testificandum for the attendance of witness Jones at the trial beginning on March 29, 2010. The witness should arrive at the courthouse no later than 8:00 a.m.

    3. No later than March 5, 2010, defendant is to advise the court and plaintiff whether she will be attending the trial and whether she will stipulate to the authenticity of Ankarlo's evaluation.

    Entered this 1st day of March, 2010.

                                         BY THE COURT:

                                         /s/

                                         _____
                                         BARBARA B. CRABB
                                         District Judge