IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL MUEHL,

                Plaintiff,                            ORDER

      v.                                          09-cv-16-bbc

GAIL WALTZ,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Trial in this prisoner civil rights case for inadequate medical care is scheduled for March 29, 2010. The question for trial is whether defendant Gail Waltz violated plaintiff's Eighth Amendment rights by failing to treat wounds on his wrists. Defendant has filed three motions in limine and a "Motion for a Pretrial Ruling on Question of Serious Medical Need." Dkts. ##101 and 102.

      In a motion for a "pretrial ruling," defendant requests permission to present testimony to the court before the jury is empaneled from a doctor at the prison to show that plaintiff's wrist wounds were not serious. Although defendant does not say so explicitly, presumably she plans to ask the court at the conclusion of such testimony to rule as a matter of law that plaintiff cannot prove his claim under the Eighth Amendment. Gayton v.

1

McCoy, 593 F.3d 610, 620 (7th Cir. 2010) (Eighth Amendment not triggered unless prisoner has "serious medical need"). That motion will be denied.

In the summary judgment opinion, I did not resolve the question whether plaintiff's wound was a "serious medical need" because defendant did not raise that issue in her motion for summary judgment. Defendant seems to be making a second attempt at summary judgment, but it is too late for that. Defendant cites Fed. R. Civ. P. 16(e) as the authority for her motion, but that rule simply permits a court to hold a pretrial conference; it does not support the view that a court may take evidence and dismiss claims at the conference. If defendant believes that plaintiff will be unable to prove his claim, she is free to move for judgment as a matter of law under Fed. R. Civ. P. 50 after the evidence has been presented to the jury.

Defendant's first motion in limine is to prohibit Kurtis Jones from testifying at trial. Although defendant argues that Jones does not have any relevant information, plaintiff has represented that Jones has personal knowledge of the severity of his wounds because he was housed near plaintiff on the day in question. That is sufficient to permit Jones to testify.

Defendant's second and third motions in limine are to prohibit plaintiff from presenting evidence at trial about any claims that I dismissed at summary judgment or any other complaints or lawsuits filed against defendant. I will reserve a ruling on these until the final pretrial conference. Although it seems unlikely that those other matters would be

relevant to plaintiff's claim, defendant does not provide any details about the allegations she wishes to exclude. If plaintiff intends to introduce any evidence on these matters, he should be prepared to show at the final pretrial conference why the evidence is relevant and not unfairly prejudicial.

ORDER

IT IS ORDERED that

1. Defendant Gail Waltz's "motion for a pretrial ruling on the question of serious medical need," dkt. #101, is DENIED.

2. Defendant's motion to exclude the testimony of Kurtis Jones from trial, dkt. #102, is DENIED.

Entered this 9th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3