IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL MUEHL,

                                                ORDER

              Plaintiff,

                                                09-cv-16-bbc

    v.

BELINDA SCHRUBBE, MARY SLINGER,
FRAN JENNINGS, GAIL WALTZ and
CHARLENE REITZ,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

After a jury trial, judgment was entered in this case on March 30, 2010 in favor of defendants and dismissing the case. Plaintiff Michael Muehl filed a notice of appeal on April 12, 2010, and was granted leave to proceed in forma pauperis on the appeal. On June 7, 2010, plaintiff sent this court a Seventh Circuit Transcript Information Sheet, as well as a letter explaining that he had no means with which to pay for preparation of the transcript. In a June 10, 2010 memorandum, I construed this letter as a request for preparation of the transcript at government expense pursuant to 28 U.S.C. §753(f). I noted that although the court routinely grants these requests when it has already granted a party leave to proceed in forma pauperis on appeal, plaintiff failed to submit the request within 14 days of filing his

1

notice of appeal as required under Fed. R. App. P. 10(b)(1). Because Seventh Circuit Rule 11(c)(1) states that "[a]ll requests for extension of time for filing the record or parts thereof shall be addressed to the court of appeals," I forwarded a copy of plaintiff's submissions to the court of appeals so that it could rule on plaintiff's implicit request for an extension of time.

Now the court of appeals has issued an order stating that it considers the transcript information sheet timely filed and requesting this court to rule on plaintiff's request for preparation of the transcript at government expense, noting that this court's docket "indicates that the transcripts were filed on May 26, 2010." However, that docket entry contains only an excerpt of the trial transcript, so I will grant plaintiff's request for preparation of the remainder of the trial transcript. Accordingly, IT IS ORDERED that a transcript of the proceedings in the trial of this case be prepared and furnished to plaintiff, with the fees therefor to be paid by the United States, pursuant to 28 U.S.C. §753(f).[1]

Entered this 24th day of August, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

---

[1] Opening and closing statements and the jury selection process are not ordinarily included as a part of the trial transcript unless the appellant makes a showing that these aspects of the trial are subject to legally meritorious attack on appeal. Plaintiff has made no such showing in this case. Nor will the trial transcript include jury instructions, since a printed copy of the instructions already exist in the court's record.